**FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - -X

In re:

PATRICIA KOPEC,                                    Chapter 13

                                                   Case No. 20-16699 (CMG)

          Debtors.
- - - - - - - - - - - - - - - - - - - - - - - - - - -X

PATRICIA KOPEC,                                    Adv. Pro. No. 20-01338 (CMG)

          Plaintiff,

v.

TOWER DBW REO VI, LLC

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - -X

## OPINION

**APPEARANCES:**

Andrew Thomas Archer, Esq.
**BRENNER SPILLER & ARCHER**
Attorney for Plaintiff

Adam D. Greenberg, Esq.
**HONIG & GREENBERG, LLC**
Attorney for Defendant

**CHRISTINE M. GRAVELLE, U.S.B.J.**

## INTRODUCTION

Debtor, Patricia Kopec ("Kopec"), has filed an adversary proceeding seeking to avoid the

tax sale foreclosure transfer of real property located at 27 Tuttle Avenue, Trenton, New Jersey (the

"Property") to Tower DBW REO VI, L.L.C. ("Tower"), pursuant to 11 U.S.C. §§ 547 and 548.

She now moves for summary judgment in her favor.  Tower has filed a cross-motion for summary

judgment.  Because Kopec was not insolvent at the time of the transfer, judgment is granted in

favor of Tower as to § 547.  However, because the transfer caused Kopec to become insolvent,

judgment is granted in favor of Kopec as to § 548.

## JURISDICTION

The Court has jurisdiction over this contested matter under 28 U.S.C. §§ 1334(a) and

157(a) and the Standing Order of the United States District Court dated July 10, 1984, as

amended October 17, 2013, referring all bankruptcy cases to the bankruptcy court.  This matter is

a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (F), and (H).  Venue is

proper in this Court pursuant to 28 U.S.C. § 1408 and 1409.  Pursuant to Fed. R. Bankr. P. 7052,

the Court issues the following findings of fact and conclusions of law.

## FACTS

Kopec resides at the Property.  The Property is valued at $208,667.00.  After Kopec failed

to pay real estate taxes, a tax sale was held on December 14, 2016, at which time Tower's

predecessor purchased a tax sale certificate on the Property.  Tower's predecessor instituted a

foreclosure action asserting a redemption amount of $21,136.33.  After Kopec did not redeem, a

final judgment was entered in favor of Tower on April 14, 2020.  Pursuant to New Jersey state

law, that final judgment terminated Kopec's right of redemption and transferred title of the Property to Tower.

On May 20, 2020 Kopec filed a Chapter 13 bankruptcy.  In her schedules she lists the Property as an asset valued at $147,626.00.  She further lists personal property valued at $7,326.00.  Kopec has fully exempted all of her personal property and $25,150.00 of the residence.  She lists Tower as a creditor with a secured claim in the amount of $21,649.00.  A total of $8,667.00 is listed in unsecured debt.  Tower did not file a proof of claim.  In total, claims of $8,558.17 were filed.  Kopec's Chapter 13 plan provided for the Tower debt to be paid in full through the plan.  Tower did not object to the plan, which was confirmed on July 15, 2020.

## LAW

### Summary Judgment Standard

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a) (made applicable to adversary proceedings pursuant to F.R.B.P. 7056).  As the Supreme Court has indicated, "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action."  Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986) (internal quotation and citation omitted).  At the summary judgment stage, the role of the court "is not to weigh evidence, but to determine whether there is a genuine issue for trial."  Knauss v. Dwek, 289 F. Supp. 2d 546, 549 (D.N.J. 2003)(citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).  In doing so, the court must construe facts and inferences in a light most favorable to the non-moving party. *See* Am. Marine Rail NJ, LLC v. City of Bayonne, 289 F. Supp. 2d 569, 578 (D.N.J.

2003)(citing <u>Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp.</u>, 475 U.S. 574, 578088, 106

S. Ct. 1348, 89 L. Ed. 2d 538 (1986)).


**11 U.S.C. § 547**

11 U.S.C. § 547(b) allows a debtor or trustee to set aside a transfer to a creditor as

preferential if the transfer was:

> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owned by the debtor before such transfer was
>     made;
> (3) made while the debtor was insolvent;
> (4) made on or within 90 days before the date of the filing of the petition…; and
> (5) that enables such creditor to receive more than the creditor would receive if –
>     (A)  the case were a case under Chapter 7 of this title;
>     (B)  the transfer had not been made; and
>     (C)  such creditor received payments of such debt to the extent provided by the
>          provisions of this title.

11 U.S.C. § 547(b).  In the Third Circuit, a pre-petition transfer of real property under New Jersey's

tax foreclosure procedures may be avoided as preferential where § 547(b) is satisfied.  *See* <u>In re

Hackler and Steltze-Hackler</u>, 938 F.3d 473 (3d Cir. 2019).

Here, Tower takes that position that Kopec is not "insolvent" and therefore may not avail

herself of § 547.  The Bankruptcy Code defines "insolvent" as a "financial condition such that the

sum of such entity's debts is greater than all of such entity's property, at a fair valuation, exclusive

of – (i) property transferred, concealed, or removed with intent to hinder, delay, or defraud such

entity's creditors; and (ii) property that may be exempted from property of the estate under section

522 of this title."  11 U.S.C. § 101(32).

A debtor is presumed to be insolvent "on and during the 90 days immediately preceding

the date of the filing of the petition."  11 U.S.C. § 547(f).  "The presumption requires the party

against whom the presumption exists to come forward with some evidence to rebut the

presumption, but the burden of proof remains on the party in whose favor the presumption exists.

House Report No. 95-595, 95th Cong., 1st Sess. 375 (1977); Senate Report No. 95-989, 95th Cong.

2d. Sess. 89 (1978).

So, while Kopec may enjoy the presumption of insolvency, her own filings clearly rebut

that presumption. Kopec lists debts of approximately $30,000, including the debt to Tower. But,

at the time of the transfer she owned the Property. While there is a discrepancy as to the value of

the Property, even in taking the lower amount listed on the petition of $147,000, it is without

question that the value of Kopec's assets far exceeded the amount of her debts. The exclusions

contained in the statutory definition do not change the analysis. First, even accounting for Kopec's

exemptions there is still overwhelming equity in the Property. Second, there have been no

allegations that this Property was transferred with intent to hinder, delay, or defraud creditors.

Because there is no issue of material fact that at the time of the transfer of the Property to

Tower the sum of Kopec's debts were far less than the valuation of her assets, including her

Property, she was not insolvent and, as a matter of law, cannot set aside the transfer as preferential

under § 547(b).

### 11 U.S.C. § 548

11 U.S.C. § 548 allows a trustee to avoid any transfer of an interest of the debtor made

within 2 years before the date of the filing of the petition if the debtor voluntarily or involuntarily-

> (B)(i) received less than a reasonably equivalent value in exchange for such transfer
> or obligation; and

> (ii)(I) was insolvent on the date that such transfer was made or such obligation was
> incurred, or became insolvent as a result of such transfer or obligation.

11 U.S.C. § 548(a)(1)(B). *Emphasis added.*

The United States Supreme Court has held that mortgage foreclosure sales are not fraudulent conveyances under § 548.  *See* <u>BFP v. Resolution Trust Corp.</u>, 511 U.S. 531 (1994). The Supreme Court's analysis turned upon the definition of "reasonably equivalent value" under § 548, finding that "a fair and proper price, or a 'reasonably equivalent value,' for foreclosed property, is the price in fact received at the foreclosure sale, so long as all the requirements of the State's foreclosure law have been complied with."  <u>Id</u>. at 545.  The <u>BFP</u> Court specifically limited its opinion to mortgage foreclosures of real estate.  *See* <u>BFP</u>, 511 U.S. at 537, n. 3. The Court recognized that "[t]he considerations bearing upon other foreclosures and forced sales (to satisfy tax liens, for example) may be different."  <u>Id</u>.

Recent bankruptcy court decisions from this district have distinguished <u>BFP</u> as it relates to New Jersey tax foreclosure law, on the basis that in New Jersey parties bid on the tax sale certificate, not the property itself, which precludes a finding of "reasonably equivalent value."  *See* <u>In re GGI Properties, LLC</u>, 2017 WL 2473278 (Bankr. D.N.J. June 7, 2017) (prepetition tax foreclosure sale conducted in accordance with New Jersey law did not establish "reasonably equivalent value" for debtor's property so as to prevent avoidance of tax sale as constructively fraudulent transfer);   <u>In re Berley Associates, Ltd.</u>, 492 B.R. 433 (Bankr. D.N.J. 2013) (distinguishing between procedures for mortgage and tax foreclosures in New Jersey; absence of competitive bidding a bar to finding reasonably equivalent value).   The Third Circuit has not expressly ruled on whether a tax sale foreclosure can constitute a fraudulent transfer under § 548.

For the reasons set forth in <u>Berley</u> and <u>GGI</u>, this Court agrees that the tax sale foreclosure process in New Jersey does not create "reasonably equivalent value" for a transfer of property, as the bidding is in no way related to the actual value of the property, but rather to the amounts owed in taxes and the interest to be paid thereon.

Therefore, Kopec did not receive "reasonably equivalent value" for the Property. Even accepting a conservative value for the Property of say, $130,000, the consideration paid for its transfer, on account of an obligation of $21,000, was far less than the value. But, § 548(a)(1)(B) is written in the conjunctive. A debtor must have received less than reasonably equivalent value and satisfy one of the provisions of § 548(a)(1)(B)(ii). Here, Kopec moves for relief under § 548(a)(1)(B)(ii)(I) on the basis that she was insolvent on the date of the transfer or became insolvent as a result of the transfer. As discussed, Kopec was not insolvent on the date of the transfer. It is the additional language, "or became insolvent as a result of the transfer" that is operative here.

Once the Property was transferred to Tower, Kopec was left with personal property valued at approximately $7,326.00 and claims totaling $8,558.17. Tower questions those figures, noting that Kopec failed to disclose $2,447.26 in a bank account and $800.00 in cash. Additionally, Tower notes that one of the claims, totaling $225.02, is potentially time barred. The Court adjourned these motions to allow for some discovery, but Tower has not supplemented its filing with any evidence of more assets or reduced liabilities.

Accepting all of Tower's additional allegations, the value of Kopec's assets increase to $10,573.26 and her debts decrease to $8,333.15. Because her assets exceed her debts, Tower submits that Kopec cannot fit the statutory definition of insolvent, even after the transfer of her Property.

But Tower's position fails. It does not acknowledge that the statutory definition of insolvency provides an exclusion for exempt property. Kopec has exempted all her personal property in this case, leaving a value of zero for assets to be used in the formula for determining insolvency pursuant to the U.S. Bankruptcy Code definition at § 101(32). Tower has not provided

any evidence that Kopec has <u>non-exempt</u> assets in excess of the $8,667.00 in scheduled debt or the amount of $8,558.17 in filed claims.  As a matter of law, her debts exceed her assets and she is insolvent.  Section 548 applies, and the transfer may be avoided.

## **CONCLUSION**

For these reasons, judgment will be entered in favor of Kopec as to the § 548 fraudulent transfer count and in favor of Tower as to the § 547 preference count.  Counsel for Kopec will submit a form of order in accordance with this decision.

Dated:  November 30, 2020                                  /s/Christine M. Gravelle
                                                           United States Bankruptcy Judge